NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YSM REALTY, INC., et al., | Civil Action No.: 10-5987 (JLL) |
| Plaintiffs, | **OPINION** |
| v. | |
| MARVIN GROSSBARD, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss filed by Defendants on December 22, 2010 for failure to join a necessary party under Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Court has reviewed the submissions in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendants' motion is denied.

I.  BACKGROUND

The following facts are taken from Plaintiffs' Complaint and are accepted as true for the purpose of this motion. Plaintiffs bring this action to recover brokerage commissions allegedly owed to him following Defendants' purchase of real property located at 290 Ballard Road, Middletown, New York. Plaintiffs allege that an oral contract existed between Plaintiff David Scop, a corporate broker licensed in the State of New York, and Defendant Marvin Grossbard,

the president of Defendant President Container, Inc., under which Scop would assist Grossbard in finding a property to fit Grossbard's business needs, and in return Grossbard would pay Scop a brokerage commission of one percent of the purchase price. On January 3, 2008, after the alleged oral agreement was made, Scop showed Grossbard the Ballard Road property and introduced him to the seller's real estate broker. In or about June 2008, Scop provided Grossbard with a written brokerage commission agreement. Grossbard refused to sign and "purported to repudiate the Plaintiffs' entitlement to a Buyer's brokerage commission." (Compl. ¶ 34.) At some time thereafter Defendants created an entity under New York law called "SP Realty Associates II, LLC" (hereinafter "SP Realty"), and on or about March 3, 2010 that "wholly-owned single-purpose" entity entered into a contract to purchase a subdivided portion of the Ballard Road property[1] for $22,733,895. (Id. at ¶ 41.)

On November 16, 2010, Plaintiffs filed a Complaint in this Court seeking recovery of the unpaid brokerage fee stating causes of action sounding in breach of contract, unjust enrichment, and fraud. Jurisdiction over this matter is based on diversity of citizenship. It is undisputed that Plaintiffs Scop and YSM Realty, Inc., are citizens of New York and that Defendants Grossbard and President Container, Inc., are citizens of New Jersey.

## II.     DISCUSSION

### A.     Failure to Join a Necessary Party

Defendants argue that SP Realty is a necessary party to this action under Federal Rule of Civil Procedure 19 because SP Realty in fact purchased the Ballard Road property, not Defendants. Defendants further argue that this action should be dismissed because joinder of SP

---

[1]The Court hereinafter refers to this subdivided portion as the "Ballard Road property."

Realty, an entity organized under the laws of New York, would allegedly destroy diversity of citizenship.

Under Rule 19(a), joinder of a necessary party is required if "feasible." Rule 19 states in material part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (A) in the person's absence complete relief cannot be accorded among those already parties, or (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a)(1). When making a Rule 19 determination, a court may consider evidence outside of the pleadings. Jurimex Kommerz Transit G.m.b.H. v. Case Corp., 201 F.R.D. 337, 340 (D. Del. 2001), aff'd in relevant part, 65 F. App'x 803 (3d Cir. 2003).

As SP Realty has not "claim[ed] an interest" in this action, the Court need only examine whether complete relief can be accorded among the existing parties in SP Realty's absence under Rule 19(a)(1)(A). Here, Plaintiffs' claim for a commission appears to depend upon a determination that SP Realty's purchase of the Ballard Road property, and Defendants' subsequent failure to pay a brokerage commission to Plaintiffs, breached an agreement between Scop and Grossbard. This determination likewise appears to depend upon the ability of Plaintiffs to impute the actions of SP Realty, in purchasing the property, onto Grossbard. Under New York law,[2] the doctrine of piercing the corporate veil applies to limited liability companies. Retropolis, Inc. v. 14th St. Dev. LLC, 17 A.D.3d 209, 210 (N.Y. App. Div. 2005). Thus,

---

[2] The parties agree that the substantive law of New York applies to this action.

Plaintiffs' claim likely requires them to pierce the corporate veil of SP Realty, and perhaps other business entities, in order to recover from Grossbard and Defendant President Container. Plaintiffs appear to recognize as much, as the Complaint alleges that the SP Realty is "nothing but the extension or continuation of [Defendant President Container]." (Compl. ¶ 39.) Furthermore, "an action to pierce the corporate veil requires that purported dummy corporations be parties, even if the parent corporation is alleged to be the one which unjustly retains the funds." Stewart Tenants Corp. v. Square Industries, Inc., 269 A.D.2d 246, 248 (N.Y. App. Div. 2000); see also Miramax Film Corp. v. Abraham, 2003 WL 22832384, *9 (S.D.N.Y. 2003) ("under New York law, shell companies are necessary parties in an action to pierce the corporate veil"). Thus, as Plaintiffs here seek relief only from the entities alleged to have unjustly retained the brokerage commission, the existing Defendants, but not from the purported "dummy" entity that transacted the sale, SP Realty, the Court concludes that complete relief cannot be accorded among the existing parties. SP Realty is therefore a necessary party under Rule 19(a) who must be joined if feasible.

Defendants, however, have failed to provide facts from which the Court could conclude that joinder of SP Realty would destroy the Court's subject matter jurisdiction over this action. Citizenship of a limited liability company is determined by the citizenship of its members. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Defendants have certified that

> SP Realty Associates II, LLC was formed under the laws of the State of New York, and is owned by President Container Holdings II, LLC, which is also a limited liability company that was formed under the laws of the State of New York. President Container Holdings II, LLC is owned by Gran Holdings II, LLC, which is a foreign company organized under the laws of Delaware, and defendant President Container, Inc.

(Defs.' Mot. Br., LaFazia Decl. ¶ 11.)

Defendants thus state that ownership of SP Realty can be traced to Defendant President Container and Gran Holdings II, LLC. The parties agree that Defendant President Container is a citizen of New Jersey. Defendants certify that Gran Holdings II is a limited liability company but do not specify its ownership. Plaintiffs' investigation into the ownership of Gran Holdings II failed to uncover the identity of any owner of that entity, but did identify a "Gran Holdings, Inc." and a "Grand Holdings, LLC" within the Delaware entity database. (Pls.' Opp'n Br. at 9.) As no facts have been alleged to suggest that any member of SP Realty is a citizen of New York, the state where Plaintiffs reside, and Defendants' reply brief does not dispute the results of Plaintiff's investigation into the ownership of Gran Holdings II, the Court concludes that the facts in the record are at this time insufficient to show that joinder of SP Realty as a defendant would destroy the Court's subject matter jurisdiction over this action. The Court will therefore order that SP Realty be joined pursuant to Rule 19(a)(2). Should discovery bring to light additional facts regarding the citizenship of the members of SP Realty, the Court may revisit this issue.

**B.**     **Failure to State a Claim Upon Which Relief Can Be Granted**

Defendants contend that because Plaintiffs have not sufficiently plead facts to show that they were the "procuring cause" of the sale of the Ballard Property, Plaintiffs have failed to state a claim to recover a brokerage commission based on breach of the alleged oral agreement between Scop and Grossbard.[3]

---

[3] Defendants' initial brief in support of their motion to dismiss does not challenge Plaintiffs' claims based on unjust enrichment and fraud. Only after Plaintiffs' opposition brief noted this did Defendants, in reply, argue that these claims too should be dismissed. The Court will not entertain arguments not raised in Defendants' initial brief. See Bayer AG v. Schein Pharmaceutical, 129 F. Supp. 2d 705, 716 (D.N.J. 2001).

For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. It is the underlying specific facts alleged in a complaint that should be treated as true and evaluated.

Under New York law, a broker seeking to recover a commission must show that 1) the broker is duly licensed; 2) an express or implied contract existed; and 3) the broker was the procuring cause of the sale. Buck v. Cimino, 243 A.D.2d 681, 684 (N.Y. App. Div. 1997). To establish that a broker was the procuring cause, "there must be a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation." Greene v. Hellman, 412 N.E.2d 1301, 1307 (N.Y. 1980). "[I]f the broker does not participate in the negotiations, he must at least show that he created an amicable atmosphere in which negotiations proceeded or that he generated a chain of circumstances that proximately led to the sale." Buck, 243 A.D.2d at 684 (internal quotation omitted). However, a complaint also satisfies the third element of this cause of action if it pleads sufficient facts to show that a

client's bad faith conduct prevented the broker from becoming the procuring cause of a transaction consummated by the client.  See Winick Realty Group LLC v. Austin & Associates, 51 A.D.3d 408 (N.Y. App. Div. 2008).

Defendants do not challenge the sufficiency of Plaintiffs' allegations with respect to the first two elements of this cause of action.[4]  With respect to the third element, the Court finds that the Complaint[5] provides sufficient facts to show either that Plaintiffs were the procuring cause of the sale of the Ballard Road property or that Defendants acted in bad faith.  The Complaint pleads facts describing the initial discussions between Scop and Grossbard, Scop's showing of the property to Grossbard, and the ultimate acquisition of the property by SP Realty.  These facts allege a basic "chain of circumstances" that could plausibly have proximately led to the sale of the Ballard Road Property without Scop's actual participation in the negotiations.  Alternatively, while the Complaint does not specifically use the term "bad faith," it pleads various facts to show that Grossbard acted in bad faith in excluding Scop from the negotiations.  Plaintiffs state that after Scop had revealed the location of the property to Grossbard, Grossbard "refused to sign" the writing memorializing their alleged oral brokerage commission agreement and "repudiate[d] the Plaintiffs' entitlement" to such commission.  (Compl. ¶ 34.)  Plaintiffs allege that Grossbard "sought to fob off the obligation of paying the plaintiffs onto the Seller, or the Seller's broker." (Id. at ¶ 35.)  These facts permit a plausible inference that Grossbard repudiated the alleged oral

---

[4]The Court notes that under New York law an oral brokerage agreement does not violate the Statute of Frauds.  N.Y. Gen. Oblig. Law § 5-701.

[5]In support of their motion briefs, the parties have attached numerous declarations regarding the facts of this case.  To the extent that these documents relate to Defendant's motion to dismiss under Rule 12(b)(6), the Court excludes them as matters outside the pleadings and declines to convert the motion to a motion for summary judgment.  Fed. R. Civ. P. 12(d).

contract as a bad faith attempt to cut Plaintiffs out of the negotiations and potential commission. Thus, taking all factual allegations in the Complaint as true and drawing all reasonable inferences in favor of Plaintiffs, the Court concludes that the Complaint sufficiently states a claim for recovery of brokerage commissions under New York law.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is denied;[6] however, Plaintiffs will be required to join SP Realty as a defendant in this matter. An appropriate Order accompanies this Opinion.

DATED: February 23, 2011            /s/ Jose L. Linares
                                    JOSE L. LINARES
                                    UNITED STATES DISTRICT JUDGE

---

[6] The Court likewise denies Defendants' request for Rule 11 sanctions.